QUESTION: Is the secretary of state authorized to refund the qualifying fees paid by a candidate when, after the last day for qualifying has passed, the candidate's name is removed from the primary election ballot by court order for failure of the candidate to comply with s. 99.012, F.S., the Resign-To-Run Law, or the candidate's name is removed from the primary election ballot for refusal of the candidate to file the disclosure statement required by Ch. 74-177, Laws of Florida (s. 112.3145, F. S.)?
SUMMARY: The secretary of state is without authority to refund qualifying fees to a candidate unless he withdraws his candidacy before the last day to qualify. For the reasons hereinafter stated your question is answered in the negative as to both circumstances presented. Section 99.092(1), F.S., provides in pertinent part that "No qualifying fees shall be returned to the candidate unless he withdraws his candidacy before the last day to qualify." (Emphasis supplied.) In the face of this clear legislative prohibition with its single exception, I can only conclude that the secretary of state is without authority to return the qualifying fees of a candidate who has been removed from the ballot under either of the circumstances about which you inquire. It might also be noted that even prior to the enactment of s.99.092(1), two of my predecessors in office concluded that qualification fees paid by candidates "cannot be refunded when the candidate, through his own act in failing to comply with the law, has disqualified himself as a candidate." Unnumbered Attorney General Opinions, Biennial Report of the Attorney General, 1935-1936, p. 377, 1931-1932, p. 240, 1929-1930, pp. 298, 397. Thus, even absent the prohibition of s. 99.092(1), it would appear that the same conclusion would be reached.